EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SANTOS RODRÍGUEZ, acusado y apelante.

No. 3285.—*Visto:* Noviembre 7, 1927. *Resuelto:* Noviembre 30, 1927.

1. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—FALTA DE DILIGENCIA.—Para que el Supremo ejercite la discreción conferídale por la Regla 59 de dicho tribunal no obstante las prórrogas concedidas al apelante en exceso del término prescrito por dicha Regla, debe presentarse razón alguna de la demora o demostrarse la importancia de las cuestiones legales envueltas en la apelación.

2. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—FALTA DE DILIGENCIA.—No obstante la autoridad de las cortes de distrito para prorrogar

el tiempo para la radicación de exposiciones del caso a los efectos de las apelaciones que se establezcan, el Supremo tiene el derecho inherente de desestimar dichas apelaciones por falta de diligencia.

3. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—FALTA DE DILIGENCIA.—Cuando el apelante se limita sólo a solicitar prórrogas sin practicar gestión alguna cerca del taquígrafo para obtener la transcripción de sus notas y transcurre con exceso el término prescrito por la Regla 59 del Tribunal Supremo, dicho tribunal tiene facultades para, no obstante estar pendiente la última de dichas prórrogas, desestimar la apelación por falta de diligencia según dicha Regla 59.

MOCIÓN sobre desestimación de apelación interpuesta ésta contra sentencia de *Gabriel Castejón*, J. (Humacao), condenando al acusado por delito de asesinato en segundo grado. *Desestimada* la apelación.

*Francisco Cervoni Gely*, abogado del apelante; *José E. Figueras*, abogado de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La sentencia ante nos fué dictada con fecha 21 de diciembre de 1926 y se apeló el mismo día en el cual también el apelante obtuvo una prórroga de 30 días para presentar una exposición del caso. El apelante sucesivamente obtuvo entonces unas seis prórrogas de 30 días cada una. El 17 de junio de 1927 se concedió la última de dichas prórrogas y, pendiente la misma, el apelado solicitó de esta corte que desestimase la apelación.

El Pueblo demuestra que el apelante se limitó a solicitar las prórrogas sin practicar gestión alguna cerca del taquígrafo para obtener la transcripción de sus notas, y que no existe presentada exposición alguna.

La moción de desestimación se notificó al apelante el 15 de julio de 1927. Se señaló su vista para el 26 de julio y fué suspendida a petición del apelante. Transcurrieron los tres meses de vacaciones y señalada de nuevo la vista para el 7 de noviembre actual, fué celebrada con la comparecencia de ambas partes, limitándose el apelante a sostener que esta Corte Suprema no tenía jurisdicción para conocer y resolver la cuestión planteada.

La regla 59 de esta corte dispone:

"Expirado el término de noventa días desde la fecha en que se presentare el escrito de apelación, y no obstante las prórrogas concedidas por la corte inferior, el Tribunal a discreción podrá desestimar una apelación que no haya sido anteriormente registrada en este Tribunal, mediante moción presentada al efecto, si se probare satisfactoriamente que el apelante no ha proseguido su apelación con la diligencia debida o de buena fe, o que tal apelación es frívola."

El apelante cae de lleno dentro de esta regla.

Quizás estaríamos dispuestos a ejercer nuestra discreción en favor del apelante si se hubiera presentado alguna razón para esta larga demora, especialmente si el referido apelante hubiera demostrado la importancia de las cuestiones legales envueltas. Nada tenemos ante nosotros excepto una negativa de nuestra jurisdicción para intervenir en el caso.

Tan pronto se apela, la jurisdicción se transfiere a esta corte. De acuerdo con la ley y nuestras reglas, a las cortes de distrito se les da autoridad para prorrogar el tiempo para la radicación de exposiciones del caso; pero nosotros poseemos el derecho inherente de desestimarlas por falta de diligencia tal como lo manifiesta la Regla 59, *supra*. Nada encontramos en el caso de *Saras* v. *Sucesión de Saras*, 31 D.P.R. 966, en conflicto con nuestra autoridad.

*Debe desestimarse la apelación.*